UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANA LANGER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-1947-X |
| | § | |
| LOWES COMPANIES INC., | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Lowes Company Inc.'s motion for summary judgment. After reviewing the motion, the briefing, and the applicable law, the Court **GRANTS** the motion. The Court **DISMISSES WITH PREJUDICE** this case against Lowes Company Inc. A separate final judgment shall be issued separately 7 days from issuance of this order, during which time Langer may seek leave to file an amended complaint only as to Lowe's Home Centers LLC.

## I.   Background

This is *supposed* to be a premise liability case about an uneven concrete surface. But it's really about who owns the Lowes in Waxahachie. Langer filed a motion for leave "to add Lowe's Home Centers, LLC" as a defendant to this action.[1] And the Court granted that motion.[2] But despite attaching an amended complaint that included Lowe's Home Center as a defendant to the motion for leave, Langer

---

[1] Doc. 5 at 1.

[2] Doc. 6.

1

filed a different amended complaint that did not include Lowes Home Center.[3]

So the only defendant in this action is Lowes Company Inc.

## II.    Legal Standard

District courts can grant summary judgment only if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4]  A dispute "is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party."[5]  If the movant presents a properly supported motion, "the burden shifts to the nonmoving party to show that summary judgment is inappropriate."[6]  "[M]ere allegations or denials" will not suffice; nor will "unsubstantiated or conclusory assertions that a fact [dispute] exists."[7]   The nonmovant must present "evidence sufficient to support a jury verdict."[8]

## III.    Analysis

Lowes Company Inc. moved for summary judgment asserting one basis—it does not own or operate the Lowes in Waxahachie.  Lowes Company Inc. presented competent summary judgment evidence that Lowes Home Center, LLC operates the Lowes in Waxahachie, and Waxahachie Towne Center owns the property.[9]

To prevail on a premise liability claim, a plaintiff must prove that (i) the *owner*

---

[3] Doc. 7.

[4] FED. R. CIV. P. 56(a).

[5] *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (cleaned up).

[6] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[7] *Id.*

[8] *Id.*

[9] Doc. 14 at Ex. G.

*or operator* had actual knowledge or constructive knowledge of some condition on the premises; (ii) the condition posed an unreasonable risk of harm; (iii) the *owner or operator* did not exercise reasonable care to reduce or eliminate the risk; and (iv) the *owner's or operator's* failure to use such care proximately caused the plaintiff's injuries.[10]  Langer has been on notice that Lowes Home Center, LLC operates the Lowes in Waxahachie, previously indicating that it was the proper defendant for a premise liability action.[11]  So summary judgment as to Lowes Company Inc. is appropriate.  No reasonable jury could return a verdict against Lowes Company Inc.

Because Lowes Company Inc. is neither the owner of nor the operator of Lowes in Waxahachie, Langer's claim fails as a matter of law.

## IV.    Conclusion

For this reason, the Court **GRANTS** the motion for summary judgment.  The Court **DISMISSES WITH PREJUDICE** Langer's premise liability claim against Lowes Company Inc.  A separate final judgment shall be issued separately 7 days from issuance of this order, during which time Langer may seek leave to file an amended complaint only as to Lowe's Home Centers LLC.

**IT IS SO ORDERED** this 12th day of May, 2025.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[10] *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

[11] "Upon further investigation, including review of corporate records and store operational details, Plaintiff has determined that Lowe's Home Centers, LLC is the entity that owns and operates the specific store where the incident occurred and is thus a proper party for the premises liability claims asserted herein." Doc. 5 at 1–2.